IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-05-730-L |
| ) | |
| ERNEST L. HOLLOWAY, in his ) | |
| individual capacity; GREGORY ) | |
| EARL JOHNSON, in his individual ) | |
| capacity; ROZALYN LUSTER ) | |
| WASHINGTON, in her individual ) | |
| capacity; and STATE OF ) | |
| OKLAHOMA *ex rel* STATE BOARD ) | |
| OF REGENTS FOR THE ) | |
| OKLAHOMA AGRICULTURAL AND ) | |
| MECHANICAL COLLEGES *ex rel* ) | |
| LANGSTON UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

# O R D E R

Plaintiff filed this action on June 24, 2005, seeking damages pursuant to 42 U.S.C. § 1983 and Oklahoma state law. After defendants' filed a motion to dismiss, plaintiff filed his First Amended Complaint on August 19, 2005. In the Amended Complaint, plaintiff seeks damages against the individual defendants[1] for the alleged violation of his Fourteenth Amendment due process rights. In addition to his federal

---

[1] The individual defendants are Ernest L. Holloway, President of Langston University; Gregory Earl Johnson, Head Football Coach of Langston University; and Rozalyn Luster Washington, Athletic Director of Langston University.

claim, he asserts negligence claims against the State of Oklahoma and the individual defendants.

This matter is before the court on Defendants' Motion to Dismiss First Amended Complaint. The standard governing a motion to dismiss is clear. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). The complaint must be construed in the light most favorable to the plaintiff and all factual allegations in the complaint must be presumed to be true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Meade, 841 F.2d at 1526. However, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). This is because "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id.

The State of Oklahoma moves for dismissal of plaintiff's complaint based on Eleventh Amendment immunity.

> "The Eleventh Amendment is an explicit limitation of the judicial power of the United States." It deprives a federal court of power to decide certain claims against States that otherwise would be within the scope of Art. III's grant of jurisdiction. . . . This constitutional bar applies to pendent

> claims as well. . . . [N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.

Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 119-21 (1984) (footnote and citations omitted). The court thus lacks subject matter jurisdiction over plaintiff's claim for damages against the State; dismissal of Count II of the First Amended Complaint is therefore warranted.[2]

Analysis of plaintiff's § 1983 claim requires the court to "first determine whether the plaintiff 'has asserted a violation of a constitutional right at all.'" Liebson v. New Mexico Corrections Dep't, 73 F.3d 274, 276 (10th Cir. 1996) (*quoting* Siegert v. Gilley, 500 U.S. 226, 232 (1991)). If the court finds plaintiff has asserted the violation of such a right, the court must then determine whether that right was clearly established. Liebson, 73 F.3d at 276. In this action, plaintiff claims he was injured after the individual defendants decided to conduct spring football practice on a field that "was inherently dangerous and was without grass and composed of sand, hard clay and dirt, and rocks of various sizes." First Amended Complaint at ¶¶ 12, 15. Plaintiff asserts that the actions of the individual defendants resulted in injury[3] to him and thus violated his right to bodily integrity. Id. at ¶ 23.

---

[2] As the court lacks jurisdiction, it expresses no opinion on the merits of plaintiff's negligence claim or the State's defense pursuant to 51 O.S. §§ 155(4), (5), and (20).

[3] While plaintiff alleges he was injured, he does not allege the extent of his injuries except to claim that they were "extensive". First Amended Complaint at ¶¶ 31, 36.

While the United States Supreme Court has recognized a liberty interest in the right to bodily integrity, it has done so only in "very limited circumstances involving such things as abortions, end-of-life decisions, birth control decisions, and instances where individuals are subject to dangerous or invasive procedures where their personal liberty is being restrained." Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006) (citations omitted). In Moore, the Court of Appeals for the Tenth Circuit concluded that the right to bodily integrity would not extend to a severe injury incurred at work because the Due Process Clause does not give rise to "a 'right to bodily integrity in a safe work environment'". Id. at 1040 (citation omitted). Likewise, this court finds plaintiff does not have a right to a safe practice environment.

Moreover, the court finds plaintiff has not alleged a substantive due process violation.

> The "ultimate" standard for determining whether there has been a substantive due process violation is "whether the challenged government action shocks the conscience of federal judges." It is well settled that negligence is not sufficient to shock the conscience. In addition, "'a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." "Even knowingly permitting unreasonable risks to continue does not necessarily rise to the level of conscience shocking."

Id. (citation omitted). In this case, plaintiff simply has not alleged any conduct that the court could find shocking. Plaintiff's conclusory allegation that "[t]he conduct of

Defendants . . . when viewed in total, was conscience shocking,"[4] is insufficient. Conscience shocking requires "a high level of outrageousness" that is "more than an ordinary tort". Uhlrig v. Harder, 64 F.3d 567, 574 (10th Cir. 1995).  Merely allowing even an unreasonable risk to continue is not necessarily a substantive due process violation.[5] Id.  Moreover, plaintiff cannot rely on the danger creation theory to salvage his claim because this narrow theory only applies "when a state actor 'affirmatively acts to create, or increases a plaintiff's vulnerability to, danger from *private violence*.'" Moore, 483 F.3d at 1042 (*quoting* Currier v. Doran, 242 F.3d 905, 923 (10th Cir. 2001)) (emphasis added).  As plaintiff's injury allegedly occurred due to the actions of the state actors themselves, the danger creation doctrine does not apply.  Moore, 483 F.3d at 1042.  Plaintiff's § 1983 claim must therefore be dismissed for failure to state a claim.

In sum, Defendants' Motion to Dismiss First Amended Complaint (Doc. No. 16) is GRANTED.  Plaintiff's claim pursuant to 42 U.S.C. § 1983 is dismissed for failure to state a claim.  The negligence claim against the State of Oklahoma *ex rel* State Board of Regents for the Oklahoma Agricultural and Mechanical Colleges *ex*

---

[4] First Amended Complaint at ¶ 21.

[5] Thus, plaintiff's allegations that defendants "acted recklessly in conscious disregard of the risk of injury to Plaintiff and/or with deliberate indifference to the plight of Plaintiff in light of the fact that they had been sufficiently warned about hazardous condition of the practice field, which they ignored" and defendants "were aware of the obvious risk to Plaintiff which was so great that it was highly probable that serious harm would follow and they proceeded in conscious and unreasonable disregard of the consequences" are not sufficient to state a substantive due process claim.  First Amended Complaint at ¶¶ 20-21.

*rel* Langston University is dismissed for lack of jurisdiction. As plaintiff's remaining claim is a state law claim over which the court does not have original jurisdiction, the court exercises its discretion pursuant to 28 U.S.C. § 1367(c)(3) and dismisses Count III of the First Amended Complaint without prejudice. Judgment will issue accordingly.

It is so ordered this 6th day of July, 2006.

/s/ Tim Leonard
TIM LEONARD
United States District Judge